UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN RAMSEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-09-170 |
| | § | |
| SHAWN E. STEPHENSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Defendant City of Beeville's Motion for Partial Summary Judgment on State Law Claims against Officer Shawn Stephenson, Officer Patrick Reynolds, and Police Chief Joe Trevino. (D.E. 13.) For the reasons stated herein, Defendant's Motion is GRANTED.

### I.   Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the U.S. Constitution and 42 U.S.C. § 1983. The Court has supplementary jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's causes of action arising under Texas law.

### II.   Factual and Procedural Background

The following factual background is derived primarily from Plaintiff's Original Complaint. (D.E. 1.) At approximately 2:45 am on July 14, 2007, officers employed by the City of Beeville Police Department allegedly placed a citation for a fireworks violation on the door of Plaintiffs' home. Plaintiff Brian Ramsey states that he opened the door, saw the citation and an officer located about 100 feet away, and verbally indicated to the officer that he intended to dispute the citation. Mr. Ramsey then closed

the door to his house. (D.E. 1 at 5.) Immediately thereafter, Defendant Shawn E. Stephenson, an officer with the Beeville Police Department, allegedly burst through the door of Plaintiffs' home and, without provocation, began beating Mr. Ramsey. Shortly after, Defendant Patrick L. Reynolds, also an officer with the Beeville Police Department, allegedly forced his way into Plaintiffs' home, forcibly grabbed, handcuffed, and held down Plaintiff Crystal Barrera without cause and with excessive force. When Ms. Barrera became loose from her handcuffs, Defendant Stephenson allegedly punched her in the mouth. Defendant Reynolds then allegedly re-cuffed her. (D.E. 1 at 5.)

Following these alleged beatings, both Plaintiffs claim they were treated at a hospital emergency room, and then transported to jail. Plaintiff Ramsey was subsequently charged with Assault on a Public Servant and Attempting to Take a Weapon from a Peace Officer. Plaintiff Barrera was charged with Assault on a Public Servant. On August 12, 2008, Mr. Ramsey pled guilty to the charge of Attempting to Take a Weapon from a Peace Officer and received a deferred adjudication. All other charges against Plaintiffs were dismissed. (D.E. 1 at 5.) Plaintiffs allege that their minor children witnessed the events and were traumatized by them. (D.E. 1 at 5.)

On July 14, 2009, Plaintiffs filed their Original Complaint with the Court. (D.E. 1.) Plaintiffs bring several causes of action. First, Plaintiffs bring several claims against Defendants Stephenson and Reynolds under 42 U.S.C. § 1983, including illegal entry, excessive force, and false arrest in violation of the Fourth Amendment (D.E. 1 at 7-8), and violation of First Amendment freedom of speech (D.E. 1 at 9). Plaintiffs allege that Defendant Joe Trevino, chief of the Beeville Police Department, and Defendant City of Beeville approved or ratified the conduct of the Defendant police officers. (D.E. 1 at 7.)

Plaintiffs also bring a Section 1983 claim against the City of Beeville for what they claim to be an "official municipal policy" of "assault[ing] and beating" citizens without justification, or for failing to adopt a policy precluding officers from beating citizens. (D.E. 1 at 10-11.)  In addition to the Section 1983 claims, Plaintiffs bring state law causes of action for assault, battery, false imprisonment, malicious prosecution, and intentional infliction of emotional distress.  (D.E. 1 at 12-13.)  Plaintiffs claim that the City of Beeville is liable for the assault, battery, and false imprisonment committed against Plaintiffs, as the City employed the officers who committed these torts while acting in the scope of their employment.  (D.E. 1 at 14.)

Defendants filed their Answer on September 4, 2009. (D.E. 8.)  Defendants deny Plaintiffs' allegations, and contend that, on the night in question, Plaintiffs had created a disturbance and were requested to discontinue their illegal activities on more than one occasion.  Defendants further contend that it was the Plaintiffs who attacked the officers. (D.E. 8 at 1.)  At the initial pre-trial conference in this action, counsel for Plaintiffs confirmed that Plaintiff Ramsey had pled guilty to criminal violations arising out of his July 14, 2007 arrest, and agreed to dismissal of Ramsey's claims for false arrest, false imprisonment, and malicious prosecution.  The Court thus ordered dismissal of these claims.  (D.E. 9.)

On November 30, 2009, Defendant City of Beeville filed a Motion for Partial Summary Judgment.  (D.E. 13.)  Defendant City of Beeville moves to dismiss the state law claims against the individual Defendants, with prejudice, pursuant to Section

101.106(e) of the Texas Civil Practice and Remedies Code. Plaintiffs filed their response on December 22, 2009.[1]

### III.     Discussion

#### A.     Summary Judgment Standard

Summary judgment is appropriate in a case where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Scott v. Harris, 550 U.S. 372, 380 (2007). Here, the Parties do not dispute the material facts; rather, a purely legal issue is in dispute.

#### B.     Texas Civil Practice and Remedies Code, Section 101.106(e)

The Texas Civil Practice and Remedies Code, Section 101.106(e), provides, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. P. & Rem. Code § 101.106(e). The Texas Supreme Court has explained that Section 101.106(e)'s "apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex. 2008). Thus, "[b]y requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding

---

[1] Defendant filed a Reply on December 29, 2009 (D.E. 15) without first seeking leave from the Court, in violation of the Court's Scheduling Order. (D.E. 12 at 2.) The Court nevertheless considers this Reply.

against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs." Id.

Under Section 101.106, "the governmental agency perfects the statutory right to a dismissal of its employee upon the filing of a motion to dismiss, and the employee may subsequently rely on the duty created by the motion to require the trial judge to dismiss the claims against him." Villasan v. O'Rourke, 166 S.W.3d 752, 758 (Tex.App.–Beaumont 2005). Stated differently, Section 101.106, on the filing of a motion, "create[s] a mandatory duty on the part of the trial court to dismiss the claims against" a government employee. Id. at 761-62.

Defendant argues that the Texas state law claims against the individual Defendants (Officer Shawn Stephenson, Officer Patrick Reynolds, and Police Chief Joe Trevino) should be dismissed pursuant to Section 101.106(e). Consistent with case law, a government agency perfects its right to dismissal of its employees by filing a motion to dismiss, and a trial court must dismiss the individual employees. Defendant contends that, in light of the Texas Supreme Court decision in Garcia, the duty to dismiss applies to all tort claims, even those not brought under the Texas Tort Claims Act. It also does not matter whether the individuals are sued in their individual or official capacities. (D.E. 13 at 1-4.)

In response, Plaintiffs argue that Section 101.106(e) is inapplicable because none of Plaintiffs' claims fall under the Texas Tort Claims Act, as the section requires. Plaintiffs acknowledge the Texas Supreme Court decision in Garcia, but essentially contend that it was wrongly decided, as Section 101.106(e) expressly limits that section to suits filed "under this chapter," meaning under the Tort Claims Act. Plaintiffs

conclude that, as intentional tort claims are not brought under the Tort Claims Acts, Defendants' Motion should be denied.  (D.E. 14 at 1-4.)

The Garcia decision is dispositive and must be applied in this case.  In Garcia, the Texas Supreme Court held that Section 101.106(e) applies to all tort theories, even those not brought under the Texas Tort Claims Act.  The court explained, "we have never interpreted 'under this chapter' [in Section 101.106(e)] to only encompass tort claims for which the Tort Claims Act waives immunity. . . . Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106."  253 S.W.3d at 658.  Thus, the court applied Section 101.106 to plaintiff's claims for intentional infliction of emotional distress.  Id. at 659.

Since Garcia, federal courts in this district to have considered this issue have consistently concluded that Section 101.106(e) requires dismissal of tort claims against individual defendants when sued together with governmental units.  See, e.g., Alcala, 620 F. Supp. 2d at 805 ("Plaintiff's Sabine Pilot claims, intentional infliction of emotional distress claims, and defamation claims are within the scope of the Tort Claims Act and the purview of Section 101.106(e)."); Golden v. Austin County Sheriff's Dep't, 2009 WL 1835448, at *5 (S.D. Tex. Jun. 26, 2009) ("[P]laintiffs brought state-law tort claims against Austin County.  These claims, whether for intentional torts or for negligence, were brought 'under' the Texas Tort Claims Act.  Accordingly, the election-of-remedies provision bars the plaintiffs' common-law tort claims against the individual defendants.  These claims are dismissed."); Landreneau v. Gorczynski, 2009 WL 151580, at *2 (S.D.

Tex. Jan. 22, 2009) ("Plaintiff now concedes that <u>Garcia</u> destroys the viability of his defamation claim. Accordingly, Plaintiff's defamation claim is dismissed."); <u>Ramos v. Lucio</u>, 2009 WL 700635, at *9 (S.D. Tex. Mar. 17, 2009).

Here, Plaintiff has filed suit against the City of Beeville, Officers Stephenson and Reynolds, and Police Chief Trevino, alleging, <u>inter alia</u>, state law tort claims of intentional infliction of emotional distress, assault, battery, false imprisonment, and malicious prosecution. Plaintiffs contend that the City is liable for the assault, battery, and false imprisonment claims because the Officers' actions were taken in the scope of their employment. (D.E. 1 at 13.) Although Plaintiffs do not claim respondeat superior with respect to the intentional infliction of emotional distress and malicious prosecution claims, these claims are broadly brought against "Defendants" and Defendants Stephenson, Reynolds, and Trevino are sued in their official capacities. (D.E. 1 at 1, 10, 14.) The Court therefore concludes that the intentional infliction of emotional distress and malicious prosecution claims are brought against all Defendants, including the City.

The City, as the governmental unit, has now moved to dismiss these state law claims against the individual defendants pursuant to Section 101.106(e). Consistent with Texas law, the Court must grant Defendant's Motion and does hereby dismiss Plaintiffs' state law tort claims of intentional infliction of emotional distress, assault, battery, false imprisonment, and malicious prosecution against Officers Stephenson and Reynolds, and Police Chief Trevino. Plaintiffs' other causes of action are not affected by this decision.

**IV.  Conclusion**

For the reasons stated above, the Court GRANTS Defendant City of Beeville's Motion for Partial Summary Judgment on State Law Claims. (D.E. 13.) Plaintiffs' state

law claims of intentional infliction of emotional distress, assault, battery, false imprisonment, and malicious prosecution are hereby dismissed against Defendants Shawn E. Stephenson, Patrick L. Reynolds, and Joe Trevino.

SIGNED and ORDERED this 13th day of January, 2010.

_____
Janis Graham Jack
United States District Judge