UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN RAMSEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-09-170 |
| | § | |
| SHAWN E. STEPHENSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day came on to be considered Defendant City of Beeville's Second Motion for Partial Summary Judgment on State Law Claims. (D.E. 17.) For the reasons stated herein, Defendant's Motion is GRANTED.

**I.      Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the U.S. Constitution and 42 U.S.C. § 1983. The Court has supplementary jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' causes of action arising under Texas law.

**II.     Factual and Procedural Background**

The factual background of this case is fully recounted in this Court's January 13, 2010 Order. (D.E. 16.)   In essence, Plaintiffs allege that on July 14, 2007, Defendants Stephenson and Reynolds, police officers, placed a citation for a fireworks violation on their door.  Plaintiff Ramsey opened the door, saw the citation, and told the officers he would dispute the citation.  Stephenson and Reynolds then allegedly burst into Plaintiffs'

home and used excessive force to effect their arrest. Plaintiffs allegedly sustained significant injuries, and their minor children witnessed the events. (D.E. 1.)

In its January 13, 2010 Order, the Court granted Defendant City of Beeville's Motion for Partial Summary Judgment on State Law Claims against Officer Shawn Stephenson, Officer Patrick Reynolds, and Police Chief Joe Trevino, on the basis of the Texas Tort Claims Act ("TTCA"), Texas Civil Practice and Remedies Code Section 101.106(e).[1] As such, the Court ordered the dismissal of all state law claims against Defendants Stephenson, Reynolds, and Trevino. (D.E. 16 at 7-8.) The lawsuit presently makes claims under 42 U.S.C. § 1983 against all Defendants and intentional tort claims against Defendant City of Beeville.

On January 27, 2010, Defendant City of Beeville filed the present motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant seeks dismissal of Plaintiffs' intentional tort claims (assault, battery, and false imprisonment on the basis of respondeat superior, as well as intentional infliction of emotional distress and malicious prosecution)[2] brought against it pursuant to Section 101.021, 101.056, and 101.057 of the Texas Civil Practice and Remedies Code. (D.E. 17.) Plaintiffs filed a response on February 18, 2010.[3]

---

[1] Section 101.106(e) provides, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."

[2] The Court previously ordered the dismissal of Plaintiff Ramsey's state law claims of false arrest, false imprisonment, and malicious prosecution. (D.E. 9.) Plaintiff Barrera's claims remain.

[3] Plaintiffs filed this response one day after the February 17, 2010 submission deadline, and did not seek a continuance. Under Southern District of Texas Local Rule 7.4, "[r]esponses to motions [m]ust be filed by the submission day." S.D. Tex. Local Rule 7.4(A). A "[f]ailure to respond will be taken as representation of no opposition." S.D. Tex. Local Rule 7.4. The Court, however, considers this Response in the interests of justice.

**III.   Discussion**

   **A.   Summary Judgment Standard**

Summary judgment is appropriate in a case when, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view "the evidence in the light most favorable to the nonmoving party." Blakely v. State Farm Mut. Auto. Ins. Co., 406 F.3d 747, 750-51 (5th Cir. 2005) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). Here, the parties do not dispute material facts; rather, a purely legal issue is in dispute.

   **B.   Texas Civil Practice and Remedies Code, Section 101.21, 101.056, 101.057**

   **1.   General Principles**

The Texas Tort Claims Act provides immunity for governmental units subject to certain limited exceptions. Under the statute, a governmental unit may be liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code § 101.021. The Act specifically excludes from the waiver of immunity several types of claims. Relevant here, Section 101.056 provides that the

Act does not apply to claims based upon "the failure of a governmental unit to perform an act that the unit is not required by law to perform," or the decision of a governmental unit "not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." Id. § 101.056. Section 101.057 excludes from the waiver of immunity claims "arising out of assault, battery, false imprisonment, or any other intentional tort . . . ." Id. § 101.057; see, e.g., Texas Dep't of Public Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001) ("The [Texas Tort Claims] Act specifically excludes waiver for a claim 'arising out of assault, battery, false imprisonment, or any other intentional tort . . . .'"); Hardin County Sheriff's Dep't v. Smith, 290 S.W.3d 550, 552 (Tex. App. – Beaumont 2009) ("[Section 101.021 of the Texas Civil Practice & Remedies Code] section applies only to traditional negligence causes of action. Chapter 101.057 makes clear that this general waiver of sovereign immunity 'does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . . .'"); Midland Indep. Sch. Dist. v. Watley, 216 S.W.3d 374, 382 (Tex. App. – Eastland 2006) ("There is no waiver of immunity for intentional torts under the Tort Claims Act."); Harris County v. Cabazos, 177 S.W.3d 105, 109 (Tex. App. – Houston [1st Dist.] 2005) ("[A] governmental entity does not waive its sovereign immunity to a party's claim for personal injury or death if that claim arises out of an intentional tort.").

### 2. Sovereign Immunity Bars Plaintiffs' Tort Claims

In this case, Defendant City of Beeville argues that, "insofar as Plaintiff's contentions include a contention of excessive force or otherwise intentional torts, . . . such claims are barred by sovereign immunity, which is not waived by the Texas Tort

Claims Act." (D.E. 17 at 5.)[4] Defendant further argues that, as the TTCA does not waive immunity for claims based upon discretionary acts or omissions, if Plaintiffs complain about City or Police Department policymaking, such claims are also foreclosed under the TTCA. Because Plaintiffs' allegations do not state a claim under the TTCA, and therefore immunity has not been waived, Defendant requests dismissal of Plaintiffs' state law claims. (D.E. 17 at 5-6.) As an additional argument, Defendant contends that Plaintiffs did not properly provide it with notice of their claims within six months, as required by the TTCA. (D.E. 17 at 6 (citing Tex. Civ. Prac. & Rem. Code § 101.101(a).)[5]

Plaintiffs argue in response that they are not raising claims under the TTCA, and base their claims of intentional infliction of emotional distress, assault and battery, false imprisonment, and malicious prosecution on "Constitutional Torts that arise separately and completely removed from the TTCA." (D.E. 20 at 2.) Plaintiffs further argue that

---

[4] The Charter of the City of Beeville, Texas provides that the City "may sue and be sued." City of Beeville, Home Rule Charter, Art. II, Sec. 1. Although at one time Texas courts held that such language was sufficient on its own to waive sovereign immunity, the Texas Supreme Court has since held that a "sue and be sued" clause in an organic statute does not, by itself, waive sovereign immunity. See Tooke v. City of Mexia, 197 S.W.3d 325, 337 (Tex. 2006) ("[T]he effect of a 'sue and be sued' clause in an organic statute depends on the context in which it is used. The words can mean that immunity is waived, but they can also mean only that a governmental entity, like others, has the capacity to sue and be sued in its own name."); see also Harris County Hosp. Dist. v. Tomball Regional Hosp., 283 S.W.3d 838, 843 (Tex. 2009) ("When an entity's organic statute provides that the entity may 'sue and be sued,' the phrase in and of itself does not mean that immunity to suit is waived. Reasonably construed, such language means that the entity has the capacity to sue and be sued in its own name, but whether the phrase reflects legislative intent to waive immunity must be determined from the language's context.") (internal citations omitted). Here, nothing else in the City Charter suggests a waiver of immunity, and the Charter states "the city may exercise all municipal powers, functions, rights, privileges and immunities of every name and nature whatsoever." Without further statements in the City Charter suggesting a waiver of immunity, the Court declines to interpret the "sue and be sued" clause as such a waiver.

[5] Texas Civil Practice and Remedies Code Section 101.101(a) provides, "[a] governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." Section 101.101(c) provides, "[t]he notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." Tex. Civ. Prac. & Rem. Code § 101.101.

even if these causes of action are viewed as "state claims, they are pendent claims based on the Constitutional violations for which Defendant is responsible." (D.E. 20 at 3.)

The immunity of governmental units is well established in Texas. As discussed above, a governmental unit such as the City of Beeville retains its sovereign immunity for intentional tort claims. See Tex. Civ. Prac. & Rem. Code § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . . ."); see supra at 3-4. Further, "[a] municipality, as a political subdivision of the state, is not liable for the acts or conduct of its officers or employees unless the municipality's common law immunity is waived by the Texas Tort Claims Act." City of Lancaster v. Chambers, 883 S.W.2d 650, 658 (Tex. 1994); see also City of Amarillo v. Martin, 971 S.W.2d 426, 427 (Tex. 1998) ("Under the common-law doctrine of sovereign immunity, a municipality is immune from tort liability for its own acts or the acts of its agents unless the Texas Tort Claims Act waives immunity."); Castillo v. Homan, 2005 WL 2000675, at *4 (S.D. Tex. Aug. 16, 2005) (citing Chambers, Martin). As noted above, the TTCA provides that a governmental unit can be held liable for damages "caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment" if that injury arises from "the operation or use of a motor-driven vehicle or motor-driven equipment," and that employee "would be personally liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(1) (emphasis added). This provision is clearly inapplicable in the context of this case. As such, Defendant City of Beeville cannot be held liable for the intentional torts allegedly committed by its employees.

No other provision of Texas law waives sovereign immunity to allow a suit against Defendant City of Beeville for intentional torts. As such, the intentional tort claims against Defendant City of Beeville cannot proceed.[6]

### C.    Constitutional Tort Issue

Before concluding, the Court addresses Plaintiffs' argument that its tort claims are in fact "constitutional torts" and therefore not subject to Defendant's immunity claim. (D.E. 20 at 2-3.) The Fifth Circuit has defined the term "constitutional tort" as follows:

> If the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under Section 1983.

Petta v. Rivera, 143 F.3d 895, 903 (5th Cir. 1998) (citing Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir. 1981)). The Fifth Circuit has explained that a court must "look[] at three factors to determine whether injuries inflicted by state officials are so egregious as to constitute a constitutional tort actionable under § 1983: the severity of the injury, whether the state officer's action was grossly disproportionate to the need for action under the circumstances, and whether the action was inspired by malice or was simply the result of carelessness or overzealousness." Lynch v. Cannatella, 810 F.2d 1363, 1375 (5th Cir. 1987). Although the Court has previously characterized Plaintiffs' claims as "state law causes of action," (D.E. 16 at 3) it has not specifically addressed the constitutional tort argument.

The Fifth Circuit has recognized that "the line between state law torts and constitutional torts is unclear at the margin." Lopez v. Houston Indep. Sch. Dist., 817

---

[6] Because the Court concludes that the state law claims against Defendant City of Beeville must be dismissed, it does not consider Defendant's alternative argument that Plaintiffs did not comply with the notice provision of the TTCA, Tex. Civ. Prac. & Rem. Code § 101.101(a).

F.2d 351, 355 (5th Cir. 1987), overruled on other grounds, Walton v. Alexander, 44 F.3d 1297 (5th Cir. 1995). Nevertheless, the Court concludes that Plaintiffs' Complaint cannot be read to make out constitutional tort claims. A review of the Complaint demonstrates that Plaintiffs claim causes of action under Section 1983 and separate state common law torts. Plaintiffs first make claims for illegal entry, excessive force, false arrest, and violation of First Amendment rights under Section 1983. In each section, Plaintiffs specifically reference section 1983 and state a constitutional violation. (D.E. 1 at 7-10.) Plaintiffs then make separate claims for intentional infliction of emotional distress, assault and battery, false imprisonment, and malicious prosecution. The term "constitutional tort" is not included within this section, or indeed anywhere within the Complaint. Plaintiffs also do not specifically allege that the torts committed were "grossly disproportionate to the need for action under the circumstances," "shock[] the conscience," were "inspired by malice," rather than "simply the result of carelessness or overzealousness," or otherwise provide any allegations that Defendants' actions amount to a "constitutional tort" as provided in Shillingford. (D.E. 1 at 10-13.) The factual allegations themselves, though troubling, do not sufficiently state a constitutional tort.

Furthermore, Plaintiffs seek to hold Defendant City of Beeville liable both under Section 1983 for its "policies or customs exhibiting deliberate indifference to the constitutional rights of the persons of the City of Beeville," (D.E. 1 at 11-12) and under a respondeat superior theory for the common law tort claims of assault, battery, and false imprisonment. (D.E. 1 at 14.) It is well established, however, that liability under the doctrine of respondeat superior is not cognizable in Section 1983 actions. See, e.g., World Wide Street Preachers Fellowship v. Town of Columbia, 591 F.3d 747, 752-53

(5th Cir. 2009). Instead, the doctrine is applied to common law tort causes of action. See, e.g., Skidmore v. Precision Printing and Pkg., Inc., 188 F.3d 606, 614 (5th Cir. 1999) ("Under Texas law, an employer may be vicariously liable for the intentional tort of its employee under the doctrine of respondeat superior or directly liable under the theory of ratification."). Plaintiffs' reference to respondeat superior in the Complaint further indicates that they have brought state law tort claims against Defendants, not constitutional torts.

When analyzing a complaint, "a district court has no duty to create a claim which [a plaintiff] has not spelled out in his pleading." NcNeily v. United States, 6 F.3d 343, 350 (5th Cir. 1993) (affirming district court conclusion that plaintiff failed to plead a constitutional tort) (internal quotation marks omitted); R & B Falcon Corp. v. Am. Exploration Co., 154 F. Supp. 2d 969, 973 (S.D. Tex. 2001). Plaintiffs have not made out a claim for a constitutional tort, and the Court declines to interpret the Complaint as making such claims, particularly without sufficient supporting allegations or even a single mention of the phrase "constitutional tort." Plaintiffs have brought separate state law intentional tort claims, which are barred by sovereign immunity, and must therefore be dismissed.

## IV.   Conclusion

For the reasons stated above, Defendant City of Beeville's Second Motion for Partial Summary Judgment on State Law Claims is GRANTED. (D.E. 17.) Plaintiffs' state law claims of intentional infliction of emotional distress, assault, battery, and false imprisonment (on the basis of respondeat superior), and malicious prosecution against

Defendant City of Beeville are hereby DISMISSED.  The following causes of action remain against Defendants:

(1) Defendant City of Beeville:

    a.  Count I, Illegal Entry (D.E. 1 ¶¶ 24-30)

    b.  Count II, Excessive Force (D.E. 1 ¶¶ 31-37)

    c.  Count III, False Arrest (D.E. 1 ¶¶ 38-44) (as brought by Plaintiff Barrera only)

    d.  Count IV, First Amendment Violation (D.E. ¶¶ 45-51)

    e.  Count VI, Policy Causing Constitutional Violation (D.E. 1 ¶¶ 55-62)

(2) Defendant Stephenson:

    a.  Count I, Illegal Entry (D.E. 1 ¶¶ 24-30)

    b.  Count II, Excessive Force (D.E. 1 ¶¶ 31-37)

    c.  Count III, False Arrest (D.E. 1 ¶¶ 38-44) (as brought by Plaintiff Barrera only)

    d.  Count IV, First Amendment Violation (D.E. ¶¶ 45-51)

(3) Defendant Reynolds:

    a.  Count I, Illegal Entry (D.E. 1 ¶¶ 24-30)

    b.  Count II, Excessive Force (D.E. 1 ¶¶ 31-37)

    c.  Count III, False Arrest (D.E. 1 ¶¶ 38-44) (as brought by Plaintiff Barrera only)

    d.  Count IV, First Amendment Violation (D.E. ¶¶ 45-51)

(4) Defendant Trevino:

    a.  Count I, Illegal Entry (D.E. 1 ¶¶ 24-30)

    b. Count II, Excessive Force (D.E. 1 ¶¶ 31-37)

    c. Count III, False Arrest (D.E. 1 ¶¶ 38-44) (as brought by Plaintiff Barrera only)

    d. Count IV, First Amendment Violation (D.E. ¶¶ 45-51)

SIGNED and ORDERED this 22nd day of February, 2010.

_____
Janis Graham Jack
United States District Judge